Case 4:18-cr-00397   Document 81   Filed on 05/24/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL ACTION NO. H-18-397-1 |
| | § CIVIL ACTION NO. H-22-4378 |
| | § |
| PHILLIP LOCKE | § |

**MEMORANDUM OPINION AND ORDER**

Phillip Locke, representing himself, has filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, challenging his 2019 convictions for receipt and possession of child pornography. Under Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the court is required to review a § 2255 motion and dismiss it if "[i]t plainly appears from the motion . . . that the moving party is not entitled to relief . . . ." After considering Locke's § 2255 motion, the record, and the applicable law, the court dismisses the motion because it was filed too late.

**I.      Background**

In October 2018, Locke pleaded guilty to one count of receipt of child pornography and one count of possession of child pornography. (*See* Docket Entry No. 20; Minute Entry for 10/24/2018). On February 4, 2019, Locke was sentenced to serve 90 months in prison as to each count, to be served concurrently and to be followed by 20 years of supervised release. (*See* Minute Entry for 2/4/2019). Locke did not file a direct appeal of his conviction or sentence.

Locke filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 on December 15, 2022. (Docket Entry No. 79). Locke argues that the district judge did not properly calculate his Sentencing Guidelines range and did not adequately explain why the sentence and supervised release term were warranted.

On January 5, 2023, this court preliminarily reviewed Locke's § 2255 motion and ordered him to explain why it was timely filed. (28 U.S.C. § 2255(f); *see* Docket Entry No. 80). Locke has not complied with or filed any response to the court's order.

**II.     Analysis**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] When, as here, a defendant does not appeal, his conviction becomes final 14 days after judgment is entered, and his § 2255 motion must be filed within a year after this date. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *see* Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26(a)(1). Judgment was entered in Locke's case on February 12, 2019, and the judgment of conviction became final on February 26, 2019. The last day on which Locke could have timely filed a § 2255 motion was February 26, 2020. Locke's motion, filed on December 15, 2022, was more than two years too late to be considered on the merits. The record shows no basis to extend that deadline or excuse that delay. The § 2255 motion is dismissed on that basis.

---

[1] Section 2255 also provides certain alternative dates upon which the limitations period may begin. Specifically, it provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III.     Certificate of Appealability

A certificate of appealability is required before Locke may appeal. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (§ 2254 and § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless a defendant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The defendant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). As to claims that a district court rejects solely on procedural grounds, the defendant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After carefully considering the record, the court concludes that reasonable jurists would not find debatable or wrong the conclusion that Locke's claims are untimely. No certificate of appealability is issued.

**IV.     Conclusion**

Locke is not entitled to relief under 28 U.S.C. § 2255. His pending § 2255 motion, Docket Entry No. 79, is denied. No certificate of appealability will issue. Final judgment in the civil action, 4:22-cv-4378, is entered by separate order.

SIGNED on May 24, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge